UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------X
UNITED STATES OF AMERICA,

       -against-                      <u>MEMORANDUM AND ORDER</u>
                                        18-CR-560(DRH)

LAMAR TERRY,

             Defendant.
-----------------------------X
A P P E A R A N C E S:

For the Government:
    Seth DuCharme
    Acting United States Attorney
    United States District Court
    Eastern District of New York
    100 Federal Plaza
    Central Islip, New York 11722
      By: Christopher Caffarone, A.U.S.A.
         Mark Misorek, A.U.S.A.

For Defendant:
    Langone & Associates, PLLC
    600 Old Country Road, Suite 328
    Garden City, New York 11530
      By: Richard M. Langone, Esq.

FILED
CLERK

4:59 pm, Dec 14, 2020

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

HURLEY, Senior District Judge

      By notice of motion dated September 3, 2020, Lamar

Terry ("defendant" or "Terry") seeks an order "directing that the

trial in the above-captioned matter be held nonjury" over the

government's objection.  (Sept. 3, 2020 Not. of Motion for

Nonjury Trial, DE 53.)

<u>Background</u>

      On October 18, 2018, an Eastern District of New York

grant jury returned an indictment charging defendant with two

drug trafficking offenses.  Count One charges that between

January 2011 and October 2018, he conspired to distribute 280 or

more grams of a substance containing cocaine base and one
kilogram or more of a substance containing heroin.  Under Count
Two, he stands accused of knowingly and intentionally possessing
with the intent to distribute, and distributing on or about April
24, 2018, 28 grams or more of a substance containing cocaine
base.  Both Counts allege that the subject criminality occurred
within the Eastern District of New York. (Indictment ECF 1.)

<u>Defendant's Position</u>

In seeking the requested relief Terry contends that the
"COVID pandemic . . . has created a multidimensional threat to
the fundamental right to a 'fair trial.'" (Sept. 3, 2020 Not. of
Motion for Nonjury Trial at 2.)  Among the perceived threats are
the difficulty in selecting a jury in that many prospective
jurors may wish to avoid congregate gatherings and a tendency for
those that do serve to accelerate deliberations in an effort to
minimize the risk of being infected, to say nothing of the
logistical problems of conducting a jury trial while adhering to
pandemic protocols such as social distancing. (<u>Id.</u> at 2-3.)

Terry underscores that he "has been in pretrial
detention for the last two years . . . . [and that] [h]is
constitutional right to a speedy trial is being eviscerated by
the pandemic," <u>id.</u> at 4, implicitly contending that a nonjury
trial could be concluded before a determination by a jury.  That
factor, defendant proffers, similarly weighs in favor of his

application being granted.

Alternatively, and at the very least, Terry requests an order be issued directing the government to give its specific reasons for withholding consent under the present circumstances, rather than simply saying, as it has, that under Federal Rule of Criminal Procedure 23(a)(2) and relevant case law, it is not required to give a reason and, accordingly, elects, in essence, not to do so. (Id.)

With respect to the applicable law bearing on his application, Terry acknowledges that Rule 23(a) conditions his election to proceed nonjury on the consent of the government and the Court.  But he also notes that the Supreme Court in Singer v. United States, 380 U.S. 24 (1965), while holding that the government has a well established right to refuse to consent to a nonjury criminal trial, sans a reason, there "might be" some unforeseen "circumstances where a defendant's reason for wanting to be tried by a judge alone would result in the denial to defendant of a impartial trial" if his or her request were denied.  Id. at 37-38 (dictum).  One such set of circumstances was found to be present by District Court Judge Gary Brown in United States v. Cohn, 19-CR-97(GRB), – F. Supp. 3d –, 2020 WL 5050945 (E.D.N.Y Aug. 26, 2020).  That carefully crafted and thoughtful decision is the centerpiece of Terry's argument.  In his view it provides a persuasive rationale for overriding the

3

government's objection and ordering a nonjury adjudication of the charges leveled against him.[1]

Government's Position

The government's position is relatively straightforward.   It begins by citing the language of Rule 23(a) which provides that "[i]f the defendant is entitled to a jury trial, the trial must be by jury unless: (1) the defendant waives a jury trial in writing; (2) the government consents; and (3) the court approves."  (Gov't's Oct. 5, 2020 Ltr. in Opp. (DE 55-1) to Def.'s First Mot. seeking a Bench Trial and his Second Mot. Seeking Other Forms of Relief (to be Addressed in a Separate Opinion to be Filed Subsequently)("Gov't's Opp.) at 6,7.)

The government notes that the provisions in Rule 23(a) codified then existing law at the time of its enactment which law remains fully viable today notwithstanding the previously mentioned dicta in Singer. (See Gov't's Opp. at 7-8 and cases cited therein.)  Indeed, the government, while citing numerous circuit decisions adhering to the Rule's consent requirement, reports that it has been unable to locate any case in which the mandate has been bypassed other than Cohn.  Obviously the same is true of the defense given that its essentially sole decisional focus rests on Judge Brown's decision.

---

[1]  The relevance of Cohn to Terry's application for a bench trial will be addressed in the Discussion portion of this opinion, infra.

And even if Cohn was correctly decided, its holding, the government proffers, is of little or no aid to Terry because many of the pivotal factual considerations underlying Cohn are simply not found here.

### Discussion

Since the primary basis for Terry's insistence on a bench trial consists of the trial problems brought about by COVID-19, as recited in Cohn, and its resulting affect on his right to a speedy trial, an overview of Cohn is in order.

Cohn, a former employee of the U.S. Securities and Exchange Commission, is accused of obstruction of justice, theft of government property and unauthorized disclosure of confidential information.  Following Judge Brown's suggestion that the trial be held nonjury, the defendant consented but the government objected.  In objecting, the prosecution provided no reason as it argued such was its right under Rule 23(a).

After a careful evaluation of the arguments advanced by counsel, Judge Brown explained that a jury trial has not been held in the Central Islip Courthouse since March 2020 because of health concerns attributable to the pandemic, notwithstanding Herculean, but as yet unsuccessful, efforts to make the venue safe for in-person gatherings.  That circumstance, viewed in conjunction with certain "extraordinary circumstances" pertaining to Cohn's case, constituted, in Judge Brown's opinion, solid

5

grounds to grant the relief requested consistent with the <u>dicta</u> in <u>United States v. Singer</u>, 380 U.S. at 37.  Those "extraordinary" circumstances include its complexity and the protracted period of time necessary to try the case before a jury, the public's interest in having the case resolved given the international publicity it received, and the defendant's ill health which would cause him to be more likely to become infected with the virus due to the greater number of individuals involved in the process if the case was presented to a jury; indeed, the defendant's very right to testify might be compromised if he was faced with the prospect of removing his mask before such a large group, i.e. he might elect to forgo testifying if his application is rejected. <u>Cohn</u>, 2020 WL 5050945 at **7-11.

> Comparison of Extraordinary Circumstances
> Found by Judge Brown in <u>Cohn</u> With Ordinary
> <u>Circumstances Present in Terry</u>

a) Complexity and Expected Length of Trial

It is anticipated that Cohn's case will involve "weeks of testimony and hundreds of thousands of pages of documents." <u>Cohn</u>, 2020 WL at *1.  The likely length of Terry's trial is problematic at this point but it is safe to conclude that it will be significantly shorter since the documents offered into evidence will probably be measured in "the tens," if that, instead of the "hundreds of thousands."

The complexity of the subject matter involved in the

respective cases similarly distinguishes the two prosecutions. Cohn is a former employee of the Securities and Exchange Commission.  The grand jury charged that he became the compliance officer for a firm that was under investigation by the Commission and, in that role, divulged confidential investigative data to his new employer.  By way of contrast, Terry, while similarly accused of serious criminality, faces chargers of a far less complicated and esoteric nature.

      b) Public's Interest in a Speedy Trial.

      Judge Brown underscored that not only the accused has an interest in a speedy trial but the public at large has a heightened interest in a prompt disposition of Cohn's case given the extensive publicity generated by Cohn's indictment.  As Judge Brown noted, the case "attracted domestic and international press attention" citing a Wall Street Journal article of October 23, 2019.  Id. at *10.  This a relatively unique characteristic present in Cohn's case which is absent in Terry's.

      c) Cohn's Ill Health and Possible Affect on his Decision to Testify.

      Parenthetically, the idea of having a bench trial originated with Judge Brown, not with the defendant. Accordingly, this is not a case in which the defendant is attempting to invoke a "right to select his own tribunal . . . 'as such a right has been firmly rejected.'"  Cohn, 2020 WL at *5

(citing <u>United States v. Sun Myung Moon</u>, 718 F.2d 1210, 1217 (2d 1983)).

One of the factors that prompted the judge's suggestion was defendant's ill health.  Cohn's condition presented him with a choice: be tried before a jury with increased risk due to the greater number of individuals involved and the likely longer duration of the proceeding, or proceed nonjury.  Judge Brown suggested that if the latter alternative was chosen, the risk of infection could be essentially reduced to zero by permitting Cohn to testify remotely.  Thus, even though he would be required to testify without a mask so that the trier-of-fact could observe his demeanor regardless of the nature of the trial,[2] the attendant risk would fall within acceptable limits with a bench trial.

Judge Brown concluded that the above scenario will present Cohn, as an individual with underlying health conditions, with an unacceptable "Hobson's Choice" in the event a jury trial was mandated, viz., forego the possibility of testifying on his own behalf due to safety concerns, or take the stand notwithstanding those concerns.  "Such [a] conflict presents a problem of constitutional concerns." <u>Id.</u> at *9.  Absent from the papers submitted on Terry's behalf, however, is any suggestion

---

[2]  In Judge Brown's view, "all testifying witnesses, in order to be subject to proper cross-examination, will have to remove medical face masks while testifying." <u>Id.</u> at *8.

that he is an individual at risk.  As a result, "[t]his factor [which] weight[ed] heavily in favor of conducting a nonjury trial over the Government's objection" in <u>Cohn</u>, *id*., is not operative here.

In sum, the instant case lacks the extraordinary circumstances which shaped the holding in Judge Brown's case.  As such, it is largely irrelevant for present purposes.  But since both prosecutions are extant during the pandemic which presumably has been detrimental to their prompt resolutions, brief mention will be made of the relationship between COVID-19 and the government consent requirement embodied in Rule 23(a)(2), as well as the particular delays in Terry's case.

Proceeding in reverse order, Terry, like Cohn, has not asserted a constitutional or statutory speedy trial violation. During the pendency of this case, Terry has waived speedy trial for various reasons by executing orders of excludable delay. <u>See, e.g.,</u> DE 3, 12, 15, 17, 20, 24, 26, 45, 49 and 51.  In addition, safety concerns generated by the pandemic and resulting Eastern District of New York Administrative Orders regarding tolling have also impeded progress.  But the primary impediment has been Terry's penchant for serially discharging appointed, as well as retained counsel.  At his arraignment the presiding judge appointed Nancy Bartling to represent Terry.  After four months, the defendant fired Ms. Bartling and retained Albert Dayan.

9

Eleven months thereafter, the defendant asked the Court to relieve Mr. Dayan and appoint new counsel which was done with the appointment of John Carman.  In April 2020, that assignment was terminated at Terry's request, with Richard Langone assuming the role of defense counsel.

As previously mentioned, Terry was indicted in October 2018.  The first year and half thereafter entailed three defense attorneys sequentially joining the fray before Mr. Langone came-on-board.

As of now, slightly over two years has passed since Terry was charged, as compared to one and half years in Cohn's case measured from the initial indictment to Judge Brown's decision.  But the delay here is attributable in large measure to Terry's difficulty in developing or maintaining a working relationship with counsel.  Mentioning that problem is not, of course, intended as criticism but rather to underscore a main reason that the case still awaits trial.

Regarding the pandemic, Cohn makes clear that COVID-19, in and of itself, is not sufficient to eradicate Rule 23(a)(2)'s government consent requirement.  If it were, the appropriate mechanism would be, it seems to me, to amend the Rule to so indicate.

Attention will now be turned to the defendant's request that the government be ordered to explain its reason for

10

declining to consent to a bench trial.  But isn't the more germane inquiry the effect that the government's decision may have had on a fundamental right possessed by the defendant, rather than the motive — or lack there of — for its position?  In any event, neither Rule 23(a) nor binding precedent requires such disclosure.  Simply communicating consent, or the lack thereof as the case may is all that Rule 23(a) requires, particularly when, as here, there is nothing to suggest that the "governmental objection [was] made for an improper purpose."  Cohn, 2020 WL 5050945 at *6.

Defendant's request that the Court order the government to provide a fuller explanation for its decision is denied.

<u>Conclusion</u>

For the foregoing reasons, the relief sought by the defendant is denied in toto.

SO ORDERED.

Date: December 14, 2020
      Central Islip, New York

                    DENIS R. HURLEY, U.S.D.J.