```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------X
UNITED STATES OF AMERICA,

        -against-                          MEMORANDUM AND ORDER
                                              18-CR-560(DRH)
LAMAR TERRY,

             Defendant.
------------------------------X
```

A P P E A R A N C E S:

For the Government:
    Seth DuCharme
    Acting United States Attorney
    United States District Court
    Eastern District of New York
    100 Federal Plaza
    Central Islip, New York 11722
      By: Christopher Caffarone, A.U.S.A.
         Mark Misorek, A.U.S.A.

For Defendant:
    Langone & Associates, PLLC
    600 Old Country Road, Ste, 328
    Garden City, New York 11530
      By: Richard M. Langone, Esq.

HURLEY, Senior District Judge

        By Notice of Motion filed on October 13, 2020, Lamar Terry ("Terry" or "defendant") seeks fourteen items of pretrial relief.  Sept. 10, 2020 Not. of Motion (ECF #55).  Following the presentation of some background information, those motions shall be addressed sequentially beginning with the motion to inspect the grand jury minutes and dismiss the charges.

## Background

        On October 18, 2018, an Eastern District of New York

grand jury returned an indictment charging defendant with two drug trafficking offenses.  Count One charges that between January 2011 and October 2018, he conspired to distribute 280 or more grams of a substance containing cocaine base and one kilogram or more of a substance containing heroin.  Under Count Two, he stands accused of knowingly and intentionally possessing with the intent to distribute, and distributing on or about April 24, 2018, 28 grams or more of a substance containing cocaine base.  Both Counts allege that the subject criminality occurred within the Eastern District of New York.

### Motion Asking Court to Inspect Grand Jury Minutes and Dismiss Indictment

Although defendant states that he seeks a dismissal of the indictment, it appears that the target of his application is confined solely to the First Count which alleges a multi-year conspiracy.  As to that Count, he proffers "that the evidence before the grand jury was legally insufficient to establish an eight year long narcotics conspiracy . . . .  We ask this Court to review the Grand Jury minutes with an eye toward determining whether the people or evidence [sic] who testified at the grand jury were actual co-conspirators in a joint venture, or were just people who bought and sold drugs on their own with no intention to be a part of a larger criminal venture.  Absent an express meeting of the minds, count one must fail.  In other words were the alleged co-conspirators working for themselves?  Were they

acting as agents for buyers?"  Def.'s Mem. in Supp. (ECF #55) at 2.

The government, in opposition, correctly notes that it is essentially axiomatic that grand jury proceedings, and the products of their efforts, viz. indictments, carry a presumption of regularity.  Gov't's Oct. 5, 2020 Letter in Opp. (ECF #55-1) at 15-16 and cases cited therein.  As a result, an inspection of grand jury minutes should not be ordered absent concrete allegations of government misconduct.  United States v. Torres, 901 F.2d 205, 233 (2d 1990), abrogated on other grounds by United States v. Marcus, 628 F.3d 36, 41 (2d Cir. 2010).  No such threshold showing has been alleged, no less shown here.

Simply speculating as Terry has done that the proof presented to the grand jury may not have been adequate to cover all of the elements of the crime charged is insufficient to warrant the relief requested.  Defendant has cited no authority to even suggest otherwise.

In sum, the request for the Court to inspect the grand jury minutes as a prelude to possibly dismissing one or both of the counts of the indictment is denied.

### Application for Limited Bill of Particulars

Terry begins his application for a limited bill of particulars, by noting that a bill should not be granted when the prosecution "has made sufficient disclosures concerning its

3

evidence and witnesses by other means."  Def.'s Mem. in Supp. at 2.  That is followed by a request that the government be compelled to provide the type of information that a defendant was furnished as a result of a district court order issued in another narcotics conspiracy case, <u>United States v. Taylor</u>, 707 F. Supp. 696 (S.D.N.Y. 1989).  That order directed the government to furnish such particulars as the names of known conspirators, and the approximate dates and locations of any meetings or conversations at which the government will contend the defendant joined the conspiracy.  Terry contends that unless such detailed information is provided, he will be left "in the dark about the specific acts of which he is accused."  Def.'s Mem. in Supp. at 2.

In response, the government maintains that a bill of particulars is not necessary because it has already provided extensive discovery to the defense, and has endeavored to provide even more only be thwarted by Terry's actions.

As to discovery already furnished, defendant has received "the full contents of the Phones that were seized from him at the time of his arrest [,along] with the search warrants and associated affidavit for the Phones."  Gov't's Oct. 5, 2020 Letter in Opp. at 19.

He has also received the laboratory report as to Count Two identifying the substance involved as containing cocaine in

4

base form, together with a video of the charged transaction. Id.

Concerning the government's efforts to provide additional information, it has "agreed to conduct reverse proper sessions on multiple occasions with the defendant during which the prosecutors were willing to outline for the defendant their evidence against him. The government was [and remains] prepared to provide evidentiary details about the charges, including information it expects to elicit from the trial witnesses in such a way as to not reveal their identities." Id. But before "the government could inform the defendant and prior defense counsel of what it intended to prove at trial, defendant ended the session" even though his sole function would have been to listen. Id. Another reverse proffer session was scheduled with replacement counsel, but before that session could be conducted that attorney learned he was to be relieved as counsel and the session was canceled. Id. at 19-20.

Finally when present counsel was assigned, "the government again offered to conduct a [third] reverse proffer to assist the defendant in preparing his defense. The defendant again refused to attend, but the government did, in fact, meet with current defense counsel. During that meeting, the government outlined the evidence it intended to prove at trail, including how it would prove both the conspiracy charge and the substantive charge. The government informed defense counsel that

5

if he had follow-up questions or desired additional details, that it would answer those questions and provide those details so long as it could be done without revealing the identities of the government's cooperating witnesses. Defense counsel had no follow-up questions or requests for additional details. The government remains willing to provide additional details at counsel's request." Id. at 20.

In view of the foregoing, the notion that defendant is, and will remain "in the dark" absent the requested bill of particulars is problematic at this point.

However, as detailed in defendant's Reply, defense counsel explains that the reverse proffer session that he attended provided essentially no meaningful information about the conspiracy count beyond the government indicating that they have about a half dozen informants who will testify at the trial. Def.'s Reply (ECF # 55-3) at 5-7. That information, standing alone, does not assist the defendant to understand enough about the charged multi-year conspiracy to adequately prepare for trial. He needs more such as, for example, the location where the defendant and at least one other individual agreed, implicitly or explicitly, to join forces in the illegal drug trade. While courts generally deny requests concerning the "whereas, when and with whom a particular crime" is committed, United States v. Perryman, 881 F. Supp. 2d 427, 430 (E.D.N.Y.

2012), here something close to that type of information, or the equivalent, is necessary as distinct from merely helpful. Without it, he lacks anything beyond "in or about and between" two reference points separated by almost eight years and the general nature of the scheme to address the charged criminality. See Indictment (ECF #1) at 1. Accordingly the Court asks the government to fill in some of the "gaps" as to Count One to cure what I perceive to be a significant impediment to Terry adequately preparing for trial and preventing undue surprise during the course thereof. Cf. United States v. Bortnovsky, 820 F.2d 572, 574 (2d Cir. 1987).

Accordingly, the application is denied without prejudice to renew, if necessary, following a reverse proffer session to be held in person, or remotely with document sharing capabilities, on or before January 29, 2021. To the extent more information is needed, the defense should accept the government's open invitation.

The holding of the session — unless the dereliction is due to the government — is a precondition to a renewal of the motion. At the session, defendant will not, of course, be required to do or say anything and, indeed, if for some unfathomable reason, he declines to attend he may choose that course of action without penalty. But at the very least, defense counsel should accept the government's offer with the

7

understanding that "the prosecutors [will] outline[] . . . the evidence against him."  Gov't's Oct. 5, 2020 Letter in Opp. at 17.  Following the session, hopefully Terry will no longer "be in the dark about the specific acts of which he is accused."  Def.'s Mem. in Supp. at 2.  Cf. United States v. Chen, 378 F.3d 151, 163 (2d Cir. 2004)("[A] bill of particulars is not necessary where the government has made sufficient disclosures concerning its evidence and witnesses by other means")(internal quotation marks and citation deleted).  Should the subject session not be productive consistent with the purpose of Federal Rule of Criminal Procedure 7(f), he may file a renewed motion for a bill of particulars which will then be addressed on its merits via a bench decision or virtual equivalent.

### Request for Suppression re Surveillance Activities

This application by defendant has two parts as identified by its two subcaptions, to wit "CELL PHONE EVIDENCE" and "DISCLOSURE OF 'INVESTIGATIVE TECHNIQUES.'"  Def.'s Mem. in Supp. at 4.

As to the first topic, defendant contends that "government should be required to state whether cell cite evidence was obtained in this case."  Id.

In response, the government states that it is "unaware of any cell site data other than whatever cell site information that was contained on his phones, if any, during the Court

8

authorized search of the phones. To be clear, the government did not obtain cell site information for the defendant's phones without a search warrant." Gov't's Oct. 5, 2020 Letter in Opp. at 23.

Thus this request, given the government's response, is a non-issue.

Regarding the subject of "investigative techniques," the defense maintains that it has a right to know the investigative techniques that were employed to obtain the foundation evidence for the search warrant to ensure that evidence was not obtained by unconstitutional means. In support of that proposition one case is cited, ACLU of N. Calif. v. Unites States Dept. Of Justice, 880 F.3d 473, 49i (9th Cir. 2018). But a perusal of that case indicates that it is irrelevant for present purposes and, as noted, no other case is furnished in support of the proposition that the government has an obligation to list any and all investigative techniques used during the course of the investigation by any member of law enforcement. Accordingly, the request that the government be required to answer that inquiry is denied.

**Request That a Pretrial Federal Rule of Evidence 901 Authentication Hearing be Conducted**

Rule 901, entitled "Authenticating or Identifying Evidence," provides in pertinent part: "to satisfy the requirement of authenticating or identifying an item of evidence

9

the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is." Fed. R. of Evid. 901.

If at any time evidence is sought to be introduced by either party requiring the Court to make a Rule 104(b) threshold determination as to "authentication or identification" pursuant to Rule 901, the requisite ruling shall be made at the time, i.e. when the item is offered at trial, not pretrial as requested by defendant.  This process shall, of course, be conducted outside the presence of the jury.

**Application to Preclude the Government From Endeavoring to Impeach Defendant With Evidence of Prior Convictions**

Defense counsel reports that defendant has four state court convictions for criminal possession and/or sale of controlled substances, plus two misdemeanor state convictions for criminal possession of a controlled substance.  Counsel contends that the prejudicial effect in admitting any of the drug convictions would substantially outweigh the probative value that the evidence may have for non-propensity purposes.  Of those criminal convictions, he advises, only one occurred within the last ten years. Def.'s Mem. In Supp. at 6.

Regarding the conviction within the last ten years — that being a May 12, 2012 felony conviction for possession of a controlled substance — the government has proposed, and the

defendant has accepted, an agreement that it will not ask the name of the statute violated or divulge that it was a drug offense. Rather, the government will limit the impeachment portion of its examination to the fact that the defendant was convicted of that one felony, the date of the conviction, and the corresponding sentence. See Gov't's Oct. 5, 2020 Letter in Opp. at 27.[1] Given that the defense has accepted the government's proposal, and it meets with the Court's approval, the issue is resolved. Def.'s Reply at 8.

### **Federal Rule of Evidence 404(b) Notice**

Defendant, citing United States v. Vega, F. Supp. 2d 609, 617 (S.D.N.Y. 2004), asks for an order directing the government to provide at least fourteen days pretrial notice of any "Other Crimes, Wrongs, or Acts" evidence it will seek to introduce pursuant to Rule 404(b), together with a statement of its intended purpose, in keeping with the notice requirements of the Rule.

The government, in response, recognize its Rule 404(b) obligations and indicates it will furnish the required notice

---

[1] Parenthetically, to the extent the prosecution endeavors to make its representation as to scope and subjects of its cross examination re prior convictions contingent on the defense "agree[ing] to apply the same rules to his cross examination of the government's witness," Gov't's Oct. 5, 2020 Letter in Opp. at 27, counsel is reminded that contested evidentiary issues should typically be resolved by the presiding judge depending on the attendant circumstances, not on "horsetrading" between counsel.

three weeks prior to trial, not the two weeks requested.  Gov't's Oct. 5, 2020 Letter in Opp. at 30.

### Rule 6 Request for Release of Grand Jury Testimony

The sum total of the defendant's reference to this subject consists of the following: "The government should be required to turn over to the defense the names of all witnesses 30 days prior to the commencement of the trial.  Early disclosure of the grand jury testimony would help enable Mr. Terry to prepare his defense."  Def.'s Mem. in Supp. at 8.

No authority is provided for this broad-based request.  While such disclosure surely would be helpful to the defense, that, viewed alone, is not the measure for discoverability or, at least, movant has not provided an argument to the contrary.  For that reason, the request is denied.

### Application to Determine Admissibility of Alleged Coconspirators' Out-of-Court Statements Pretrial

My practice is to determine the admissibility of statements offered into evidence pursuant to Rule 801(d)(2)(E) during the trial, typically after a discussion with the attorneys at side-bar or during a recess.  Having heard some portion of the case at that point I am likely to be more knowledgeable than I would otherwise be of the underlying facts bearing on the evidentiary question.

The defendant's request that my Rule 104(a)

12

determination as to the admissibility of contested statements offered under Rule 801(d)(2)(E) be made pretrial would, in my judgment, unduly prolong the proceedings to allow for the Court to acquire the necessary context to rule without a corresponding benefit.

In sum, pretrial Rule 801(d)(2)(E) determinations will not be made pretrial; instead such rulings will be made during the course of the trial.

### Disclosure Requests Under Rules 7(f), 12 and 16

(a) Rule 7(f).

In response to the defendant's request as to whether he is being prosecuted as a principal or as an aider and abettor under Count Two, the substantive count, the government indicates it is the former. As explained elsewhere by the government, it is alleged that Terry sold approximately 50 grams of cocaine base to a cooperating witness, who was acting at the direction of law enforcement. Govt.'s Oct. 5, 2020 Letter in Opp. at 30.

b) Rule 12.

In Section VIII of defendant's Memorandum in Support, he asks for items of information pursuant to Rule 12(b)(4). Def.'s Mem. in Supp. at 9-10. The government has responded to those inquiries, and the defense does not contend in the October 13, 2020 Reply submission that those responses were non-responsive or otherwise inadequate. Among other things, the

13

prosecution has indicated that no warrantless search and seizures were conducted, and no evidence obtained through "a beeper or other tracking device" or a mail cover. Other items sought were provided to the defense previously according to the prosecution.

As far as statements by the defendant, the government reports that it is not aware of any except to the extent such were recovered from his phone, the contents of which were earlier supplied to the defense.

      c) Rule 16(a)(l)(E)(i)(ii)(iii).

The captioned subdivisions of Rule 16 requires the government, upon defendant's request to make available to the defense for inspection and copying any items of property within its possession if the item is "material to preparing the defense", "the government intends to use the item in its case-in-chief" or the item "was obtained from or belongs to the defendant" Fed. R. Crim. P. 16(a)(1)(E)(i)(ii)(iii).

To the extent the government possesses any such materials not already provided to the defense, it is to be made available to the defendant consistent with the Rule on or before January 29, 2021.

**Request for Production of Evidence Admissible to Attack Credibility of Coconspirator Declarant Not to be Called as Witnesses**

To the extent the government places evidence of a non-testifying coconspirator's statement before the jury under Rule

14

801(d)(2((E), defendant has a right to attack that out-of-court declarant's credibility in the same manner as if he or she had taken the stand personally.  Fed. R. of Evid. 806.

The government is directed to provide the defense with any information within its custody or control that calls into question the credibility of such a witness sufficiently in advance of the evidence being elicited so that the defense has an opportunity to effectively make use of the information at trial. Such information should include the hearsay declarant's criminal convictions, if any.

### **Expert Report and Testimony**

With respect to the request concerning expert witnesses, the government indicates that it intends to call an expert regarding that person's analysis of the substance involved in Count Two.  In addition, the government anticipates calling an expert witness who will testify about preparing drugs for distribution, drug jargon, the use of coded language in the trade, as well as the wholesale and retail value of the subject drugs in this case.  An expert will also testify that the amount of drugs allegedly transferred in this case is consistent with distribution, rather than personal use.

The government suggests, and the Court approves the foregoing items being furnished to the defense three weeks prior to trial.

15

### **Early Release of Brady and Giglio Material**

The government represents that it is aware of its obligations under Brady v. Maryland, 371 U.S. 83 (1963, Giglio v. United States, 405 U.S. 105 (1979) and their progeny. It reports that presently it is unaware of any such materials but upon discovery of same — should that occur — will furnish the requests information to the defense in time for their "effective use at trial."

Given the present absence of any Brady or Giglio material, that response is appropriate.

### **Early Production of Jencks Act Material**

Defendant seeks Jencks Act material for all government witnesses at least thirty days before trial. The relevant statute, 18 U.S.C. § 3500, requires the government to disclose such prior statements of its witnesses to the defense after "said witness has testified on direct examination in the trial of the case." 18 U.S.C., § 3500(b).

The defendant has proffered nothing to indicate that the statutory temporal mandate should be bypassed. However, the government has agreed that the requested material, if any, will be furnished to the defense two weeks before trial. Gov't's Oct. 5, 2020 Letter in Opp. at 33. That timeline meets with the Court's approval.

**Use of Jailhouse Informants Incarcerated with Defendant**

The materials submitted by the government fail to address the referenced issue. Therefore, the government is directed to file a letter by January 29, 2021 responding to defendant's inquiry.

**Request for Names, Addressees and Whereabouts of Informants and Cooperators**

In seeking the captioned information, the defense argues:

> In order to defend properly this case, it is imperative that the accused be furnished with the names, addresses and present locations of each and every informant and cooperating witness. Being a participant in or a witness to any charged or uncharged misconduct qualifies the informant as a material witness. See Roviaro v. United States, 353 U.S. 53, 60 (1957), balancing an accused's right to fundamental fairness against the government's interest in withholding the identity of an informant to protect the safety of informants. Where disclosure of an informer's identity, or the contents of his or her communication, is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause, the disclosure must be provided. Id. at 60-61; accord, United States v. Eniola, 893 F.2d 383, 388 (D.C. Cir 1990).

Def.'s Mem. In Supp. at 18.

(a) Information re Informants.

With respect to the request seeking the names, addresses, and present locations of any informants, the support

17

furnished is scant consisting of a conclusory assertion of need and cites to Roviaro v. United States, 353 U.S. 53 (1957) and United States v. Eniola, 893 F.2d 383 (D.C. Cir. 1990.)[2]

In Roviaro, the "John Doe" informant was "the sole participant, other than the accused in the transaction charged." Id. at 64. It appeared he had relevant information that likely would have been helpful to the defense had the government not withheld his identity. Whether the informant or informants in Terry possess comparable information to John Doe's in Roviaro is unknown to the Court. Also unknown, and not even addressed by the movant, is the manner in which the informant's testimony might aid the defense. See United States v. Flaharty, 295 F.3d 182 (2d Cir. 2002).

In the final analysis, the answer to the question of whether Terry is entitled to the identifications sought involves a balancing process weighting "the public interest in protecting the flow of information against the individual's right to prepare

---

[2] The above referenced second case cited by defendant on the informant issue adds nothing of significance for present purposes. The issue in Eniola was whether the trial court order prohibiting defense counsel from disclosing to his client that potential government witness was a government informant unconstitutionally affected defendant's right to counsel. The District of Columbia Circuit answered the question in the affirmative and in doing so, it "borrowed reasoning" from Roviaro. But other than suggesting that Roviaro is sound law, it does not shed light on the distinct question before this Court of whether Terry is entitled to the names, addresses, and current whereabouts of possible government informants.

his defense. Whether a proper balance renders nondisclosure erroneous must depend on the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors." Roviaro, 353 U.S. at 62.

I have not been furnished with the necessary information to weigh the competing interests involved. That deficiency is to the detriment of defendant since he bears "the burden of showing the need for disclosure." United States v. Fields, 113 F.3d 313, 324 (2d Cir. 1997). Having failed to satisfy his obligation, defendant's application for the identity of the informant or informants and related information is denied.

(b) Information re Cooperators.

Much of what has already been stated about defendant's request regarding informants is similarly applicable here. Again the Court has not been furnished with adequate information to weigh the competing interests involved. Among other things, the defense has proffered nothing beyond conclusory assertions as to how the information sought may be material to preparing a defense, whereas the government has detailed Terry's extensive criminal record and the concomitant potential risk to cooperators should their identities be divulged prematurely. See United States v. Cammone, 598 F.2d 296 (2d Cir. 1976).

In sum for the reasons stated defendant's request for,

19

inter alia, the names of informants and of cooperators is denied.

## Conclusion

The multiple items of relief sought by defendant are granted in part and denied in part as indicated above.

SO ORDERED.

Dated: Central Islip, New York
       December 29, 2020

DENIS R. HURLEY, U.S.D.J.